UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BOBBIE PETERSON FRANK, | ) | CASE NO. 4:06 CV 2159 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GARY VAN BROCKLIN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On September 7, 2006, plaintiff pro se Bobbie Peterson
Frank filed this in forma pauperis 42 U.S.C. § 1983 action against
Gary Van Brocklin.  The complaint alleges that defendant, an
attorney who represented plaintiff in criminal proceedings in the
Ohio Court of Common Pleas, and was negligent in doing so.  For the
reasons stated below, this action is dismissed pursuant to 28
U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag
v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v.
Kerner, 404 U.S. 519, 520 (1972), the district court is required to
dismiss an action under 28 U.S.C. §1915(e) if it fails to state a
claim upon which relief can be granted, or if it lacks an arguable
basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989);

---

[1]     A claim may be dismissed sua sponte, without prior notice
to the plaintiff and without service of process on the defendant,
if the court explicitly states that it is invoking section 1915(e)
[formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one
of the reasons set forth in the statute.  McGore v. Wrigglesworth,
114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d
(continued...)

<u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City</u>

<u>of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).

In <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), the

Supreme Court stated that "the initial inquiry [in a section 1983

action] must focus on whether the two essential elements ... are

present: (1) whether the conduct complained of was committed by a

person acting under color of state law; and (2) whether this

conduct deprived a person of rights, privileges, or immunities

secured by the Constitution or laws of the United States."

Frank does not meet the threshold requirement in <u>Parratt</u>.

A criminal defense attorney who acts in that capacity on behalf of

a criminal defendant does not act under color of state law.  <u>Polk</u>

<u>County v. Dodson</u>, 454 U.S. 312 (1981); <u>Deas v. Potts</u>, 547 F.2d 800

(4th Cir. 1976).

Accordingly, this action is dismissed under 28 U.S.C. §

1915(e).  The dismissal is without prejudice to any valid state law

claim plaintiff may have under the facts alleged.  Further, the

court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

from this decision could not be taken in good faith.

IT IS SO ORDERED.

<u>s/Peter C. Economus - 10/25/06</u>
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

(...continued)
498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986);
<u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986);  <u>Brooks v.</u>
<u>Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).